IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN HAGEN,

Plaintiff,

vs.

CITY OF EUGENE, PETE KERNS, JENNIFER BILLS, and TOM EICHHORN,

Defendants.

O R D E R
Civ. No. 10-6100-AA

AIKEN, Chief Judge:

Defendants moved for a court trial of two issues prior to the jury trial scheduled in this case. On March 7, 2012, the court heard oral argument on those issues, as well as considered exhibits and heard witness testimony.

I. Grievance Arbitration Issue

Plaintiff grieved his May 20, 2009 transfer from the K-9 team through the grievance process set out in the collective

bargaining agreement between the City and the Eugene Police Employees' Association. An arbitration hearing was held on October 23, 2009 to resolve plaintiff's grievance. One of plaintiff's contentions in his grievance was that his transfer from K-9 was the result of a "pattern of harassment and discrimination against Officer Hagen by the Department of his protected whistleblowing actions regarding safety of the K9 program and the leadership of the same program." Plaintiff's grievance of his transfer went to arbitration in which an arbitrator issued a decision on plaintiff's claim.

As part of his grievance, plaintiff alleged that defendant Bills' decision to transfer him from the K-9 team was motivated by retaliation against plaintiff for speaking out about SWAT safety issues.

Defendants argue that plaintiff's grievance arbitration decision is preclusive on the issue of defendant Bills' motive in transferring plaintiff from the K-9 unit.

Under Oregon law, issue preclusion applies when:

> 1. The issue in the two proceedings is identical. 2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding. 3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue. 4. The party sought to be precluded was a party or was in privity with the party to the prior proceeding. 5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

Boise Cascade v. Bd. of Forestry, 186 Or. App. 291, 298, 63 P.2d 598 (internal quotation omitted), rev. denied, 335 Or. 578, 74 P.3d 112 (2003).

The party asserting issue preclusion (defendants) bear the

burden of proof on the first, second and fourth requirements. Thomas v. US Bank Nat'l Assoc., 224 Or. App. 457, 469, 260 P.3d 711, rev. denied, 351 Or. 401, 268 P.3d 152 (2011).

Based on the witness testimony before this court, I find the issue of defendant Bills' motivation in transferring plaintiff out of the K-9 unit was not "actually litigated" in the grievance proceeding; nor was it "essential to a final decision on the merits" in the grievance proceeding. Specifically, I rely on unrebutted witness testimony indicating that "the issue at arbitration" was whether the transfer itself constituted discipline. Plaintiff's alleged refusal to work with the sergeant qualified as a legitimate management right to transfer plaintiff.

The record also supports the contention that "retaliation" was not raised in the underlying proceeding except as to whether there was an objective review of the facts, as part of the "just cause" provision of the collective bargaining agreement. There is no evidence that retaliation as defined pursuant to First Amendment case law was raised in the arbitration. In fact, the evidence was that the grievance procedure at issue was specifically limited to a violation of an article or subsection contained within the collective bargaining agreement. Further, there does not exist a section in the collective bargaining agreement that prohibits the employer from retaliating.

The court also relies on evidence in the record of plaintiff's "full and fair opportunity to be heard" during the underlying proceeding. Again, it is undisputed that plaintiff did not receive relevant information from defendant despite

repeated requests until after the grievance arbitration hearing.

II. Qualified Immunity on "Public Concern"

Defendants next moved for judgment on plaintiff's First Amendment retaliation claim based on qualified immunity. Defendants argue that plaintiff's complaints could have reasonably been considered speech concerning his personal safety and not protected speech because it was in the nature of an employee grievance. Specifically, defendants assert that, at least, the law at the time of defendants' actions, was not clearly established that plaintiff's speech activity fell within the ambit of "public concern."

In order to prevail on a First Amendment retaliation claim, a public employee must establish, among other elements, that his speech activity was a matter of "public concern." Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009), cert. denied, 130 S. Ct. 1047 (2010). To overcome a defense of qualified immunity, a public employee plaintiff must show that, at the time of defendants' actions, it was clearly established that his speech involved a matter of public concern. Rivero v. City and County of San Francisco, 316 F.3d 857, 865 (9th Cir. 2002).

Here, plaintiff, a police officer employee, complained to fellow police officers as well as his supervisors, the police union president, union representatives, SWAT sergeants, and management, about accidental firearm discharges that occurred when plaintiff's unit was dispatched to emergency calls along with the SWAT team unit (another Eugene police response unit). In fact, one instance complained of by plaintiff was an accidental shooting in a residential neighborhood where the spent

bullet was never recovered. Plaintiff testified that his concern around the accidental firings when he lodged his complaints was for his own safety, coworker safety, as well as the safety of the residential neighborhoods where at least one of the accidental firings occurred.

After considering the witness testimony along with the exhibits, and considering the content, form, and context of plaintiff's speech, I find that plaintiff's speech was a matter of public concern and therefore defendants are not entitled to the affirmative defense of qualified immunity. The topic of plaintiff's speech is undisputedly a matter of public concern, that is, accidental firearm discharges when police officers are responding to emergency calls. Moreover, the fact that speech is directed internally rather than to the public at large is not dispositive as to whether speech is considered a public concern. Desrochers v. City of San Bernardino, 572 F.3d 703, 714 (9th Cir. 2009). In fact, Desrochers held that the essential question as to whether a public employee's speech involves matters of public concern for purposes of a First Amendment retaliation claim, is whether the speech addresses a matter of public as opposed to personal interest. Id. at 708. This determination is made by review of the "whole record." Id. at 709. Moreover, it is significant that the court holds that the content of the speech is the "greatest single factor" when determining whether the speech is of public concern, and the court defines the "scope of public concern" "broadly." Id. at 710. Finally, the court looks at whether a public employee's speech is "more likely to serve the public values of the First Amendment." Id.

Here, when reviewing the record as a whole, the safety issues raised by plaintiff are clearly a matter of public concern, and based on the content of plaintiff's speech, it addressed a matter of public versus personal interest. Moreover, the cases relied upon by defendants can be distinguished. In Ramirez v. County of Marin, plaintiff alleged retaliation for complaining about the "supposed need for protective vests, weapons, and other equipment." 2011 WL 5080145, *9 (N.D. Cal. Oct. 25, 2011). The court concluded plaintiff's speech on those issues were not matters of public concern because it concerned only his supervisors and his work place safety. Similarly, in Nederhiser v. Foxworth, the court held that a police officer's letter criticizing an internal investigation into his conduct addressed to superior officers in the police force did not constitute a matter of public concern. 2007 WL 869710 (D. Or. March 21, 2007). Finally, in Robinson v. York, the court held that complaints about the job performance of co-workers and management's response to the situation are not matters of public concern. 566 F.3d 817, 823 (9th Cir. 2009).

Plaintiff's speech in the case at bar can be distinguished. Plaintiff's speech, as a police officer responding to emergency calls as a public safety officer, complaining about fellow police officers who repeatedly "accidentally discharge" their firearms during emergency response calls, is clearly speech that concerns the public. The same cannot be said for the cases cited above, including a complaint about the job performance of a co-worker, a letter criticizing an internal investigation into the police officer's conduct, complaints by police officers about their

supervisor's management styles including creating a hostile work environment by violating internal policies, and a complaint about the need for "protective vests, weapons, and other equipment."

Finally, defendants rely on the recent case, Hunt v. County of Orange, 2012 WL 432297 (9th Cir. Feb. 13, 2012), where the trial court concluded that plaintiff's campaign speech in a contested race for sheriff was not protected by the First Amendment, but the Ninth Circuit reversed and found that defendant was entitled to qualified immunity because a government official in defendant's position "reasonably but mistakenly" could have believed that plaintiff fell within the exception for policy-makers such that he could demote plaintiff without violating his constitutional rights. 2012 WL 432297, *7-8. Again, this case is distinguishable from the facts at bar. Here, we have by definition, an issue of public safety when there is a police officer employee responding to emergency 911 calls from the public and who complains about fellow officers accidentally discharging their weapons when responding to those public assistance calls.

CONCLUSION

Defendants' motions for the court are denied as stated above.

IT IS SO ORDERED.

Dated this 13th day of March 2012.

Ann Aiken
Ann Aiken
United States District Judge